USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
STRONGFULL SHIPPING, INC.,                                  :
                                                            :   08 Civ. 9933 (SHS)
                Plaintiff,                          :
                                                            :   OPINION & ORDER
   -against-                                               :
                                                            :
OCEAN GLORY SHIPPING LTD.,                                  :
                                                            :
                Defendant.                          :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      On December 3, 2009, the Court ordered plaintiff to show cause why the Order of Maritime Attachment and Garnishment in this action dated November 18, 2008 should not be vacated and the $787,330.58 in funds that have been attached pursuant to that Order of Maritime Attachment released. In response, plaintiff contends that the Order of Maritime Attachment is valid and the funds should not be released because (1) the U.S. Court of Appeals for the Second Circuit's holding in *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009) does not apply to funds held in the court registry, rather than by banks; (2) the attached funds were not electronic funds transfers ("EFTs") at the time the funds were attached because the garnishee banks held them in segregated accounts; (3) defendant retained a property interest in the funds as the originator of the EFTs such that the funds are not EFTs subject to *Jaldhi*; and (4) it would be inequitable to release the funds from the court registry at this time. These arguments are unavailing.

      The Second Circuit held in *Jaldhi* that "[b]ecause EFTs in the temporary possession of an intermediary bank are not property of either the originator or the beneficiary under New York law, they cannot be subject to attachment under [Supplemental Maritime] Rule B." 585 F.3d at

71.  This is the law in this Circuit.  Thus, EFTs are no longer attachable property, regardless of whether defendant was the originator or recipient of the funds.  Similarly, the restrained funds remained within the scope of the holding in *Jaldhi* even once the garnishee banks transferred the funds into a separate account.  Mere re-labeling of the funds does not change their origin.  The fact that on July 1, 2009, this Court directed the garnishee banks to transfer the attached funds to the court's registry also does not change the fact that the funds were attached as EFTs and, as we subsequently learned in *Jaldhi*, EFTs are not subject to attachment.  Finally, the Second Circuit recently determined that its holding in *Jaldhi* applies retroactively.  *Hawknet, Ltd. v. Overseas Shipping Agencies*, 587 F.3d 127 (2d Cir. 2009).  Strongfull Shipping fails to distinguish the facts of this action from those in the Second Circuit's recent decisions in *Jaldhi* and *Hawknet*.  Accordingly, its arguments are unavailing and the attached funds must be released.  *See Cyrene Maritime Co. Ltd. v. Pancoast Trading SA*, No. 09 Civ. 1378 (S.D.N.Y. Dec. 16, 2009); *see also Panamax Bulk AS v. Dampskibsselskabet Norden AS*, No. 08 Civ. 8601, 2009 WL 3853422 (S.D.N.Y. Nov. 18, 2009); *Western Bulk PTE Ltd. v. Inspat Industries Ltd.*, No. 08 Civ. 9776, 2009 WL 4039435 (S.D.N.Y. Nov. 23, 2009).

For the reasons set forth above, IT IS HEREBY ORDERED that the Order of Maritime Attachment and Garnishment in this action dated November 18, 2008 is vacated and the complaint is dismissed without prejudice.  Plaintiff's motion for a stay pending appeal of this determination made during oral argument today is denied.

Dated: New York, New York
        December 21, 2009

SO ORDERED:

Sidney H. Stein, U.S.D.J.